UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOAN JOHNSON, | ] |
| Plaintiff(s), | ] |
| vs. | ] CV 97-N-1314-S |
| CIGNA COMPANIES, et al., | ] |
| Defendant(s). | ] |

## Memorandum of Opinion

### I. Introduction.

On March 27, 1997, plaintiff, Joan Johnson ("Johnson"), initiated this action in the Circuit Court of Jefferson County, Alabama, alleging that defendants, Connecticut General Life Insurance Company,[1] MCC Behavioral Care, Inc., and Todd Skaggs ("Defendants"), violated state law when they denied benefits under a self-insured disability plan provided by Connecticut General. Specifically, Ms. Johnson's complaint states causes of action for breach of contract and bad faith. Ms. Johnson's complaint also states a cause of action against Connecticut General for conduct related to the denial of benefits under common law theories of invasion of privacy and tortious interference with a physician-patient relationship, which allegedly caused emotional distress and mental pain and anguish from

---

[1] In her original complaint, plaintiff named CIGNA Companies as a defendant without specifying which CIGNA company she was suing. CIGNA Companies refers to a group of companies and is not, by itself, a legal entity. Therefore, plaintiff's employer, Connecticut General Life Insurance Company, filed the removal petition and the motion to strike currently before the court. In her amended complaint, filed October 7, 1997, plaintiff corrected her erroneous designation of this defendant, and named as a defendant Connecticut General Life Insurance Company.

the undue delay of treatment of Ms. Johnson's physical and emotional injuries. On May 28, 1997, defendants removed this action to this court pursuant to 28 U.S.C. § 1446. Ms. Johnson filed an amended complaint on October 7, 1997, alleging that defendants "acted arbitrarily and capriciously" in their denial of Ms. Johnson's disability benefits pursuant to 29 U.S.C. § 1132(a)(1)(B) and §1132(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA").

Presently before the court is defendants' motion to strike Ms. Johnson's state law claims, claims for extracontractual damages, and plaintiff's jury demand under Fed. R. Civ. P. 12(f) and 39(a)(2), on the ground that ERISA preempts the state law claims and renders a jury and extracontractual/punitive damages unavailable. Pursuant to the court's order entered September 9, 1997, Ms. Johnson had eleven (11) days after defendants' brief in support of its motion to strike was due in which to respond. Ms. Johnson's failure to file a response within the requisite time period, or even by the date of this order, indicates that there is no opposition to defendants' motion.

## II.  Rule 12(f) Motion to Strike.

Fed. R. Civ. P. 12(f) requires that motions to strike be filed before a responsive pleading or within twenty (20) days of a pleading to which no response is necessary. The rule also provides that a court may order, on its own initiative at any time, that insufficient defenses or redundant or immaterial matter be stricken.

The motion currently before the court was filed on September 4, 1997, more than three months after the defendants' answer was filed, and is technically untimely. The defendants have neither explained this lateness nor offered an excuse. However, because

the court may act upon its own initiative under Rule 12(f), the court will consider the motion on the merits.

The court notes that motions to strike are disfavored and are infrequently granted. *Resolution Trust Corp. v. Youngblood*, 807 F. Supp. 765, 769 (N.D. Ga. 1992); *First Financial Savings Bank v. Am. Bankers Ins. Co.*, 783 F. Supp. 963, 966 (E.D. N.C. 1991). Before granting a motion to strike, the court must be convinced there are no questions of fact, that any questions of law are clear, and that under no set of circumstances could the matter succeed. *Augustus v. Board of Public Instruction*, 306 F.2d 862, 868 (5th Cir.1962). However, when a party succeeds in establishing the insufficiency of a pleading, the court should grant a motion to strike "to avoid unnecessary time and money in litigating invalid, spurious issues" *Spell v. McDaniel*, 591 F. Supp. 1090, 1112 (E.D. N.C. 1984) (internal citations omitted). The inherent power of the court to order pleadings stricken at any time has been invoked to permit ruling on the merits of an untimely motion to strike. *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1399 (7th Cir.1991), *cert. denied*, 504 U.S. 957, 112 S.Ct. 2306, 119 L.Ed.2d 228 (1992) (stating that "[c]ourts have read Rule 12(f) to allow a district court to consider a motion to strike at any point in a case, reasoning that it is considering the matter of its own accord despite the fact that its attention was prompted by an untimely filed motion"); *see also FDIC v. British American Corp.*, 744 F. Supp. 116 (E.D. N.C. 1990); 2A WILLIAM A. MOORE AND JO DESHA LUCAS, MOORE'S FEDERAL PRACTICE ¶ 12.21. This court certainly would consider whether a jury trial is available under ERISA before scheduling such a trial, and the motion concerning damages could have been brought as a motion for

partial summary judgment. As noted above, the court will nevertheless consider the motion, though untimely, on its merits.

## III. Discussion.

### A. Preemption of State Law Claims.

It is undisputed that the short-term disability plan, to which Ms. Johnson's claims relate, is an ERISA plan. *See Plaintiff's Amendment to Complaint* at 2 (non-paginated); *Defendants' Motion to Strike* at 2. ERISA's preemption provision provides that it "shall supersede any and all state laws insofar as they may now or hereafter *relate to* any employment plan" covered by the Act. 29 U.S.C. § 1144(a) (emphasis added). *See also Amos v. Blue Cross-Blue Shield of Alabama*, 868 F.2d 430 (11th Cir. 1989) (stating that "ERISA preemption is not a gateway but a barrier to state law causes of action, the effect of which is to completely displace state law claims."), *cert. denied*, 493 U.S. 855, 110 S. Ct. 158, 107 L. Ed. 2d 116 (1989). The state law claims in this case undoubtedly *relate to* the employee benefit plan in that they stem from the defendants' refusal to pay under the policy. Therefore, ERISA preempts them. *See also Belasco v. W.K.P. Wilson & Sons, Inc.*, 833 F.2d 277, 281 (11th Cir. 1987) (holding that ERISA preempts a fraud claim and a bad faith failure to pay claim in Alabama). Accordingly, the defendant's motion to strike will be granted, and all of Ms. Johnson's state law claims will be stricken with prejudice.

### B. Punitive and Extracontractual Damages.

In her complaint, Ms. Johnson demands judgment for "compensatory and *punitive* damages in the amount of One Million Dollars ($1,000,000.00) and costs." *Complaint* at 3 (non-paginated) (emphasis added). The Eleventh Circuit has held that ERISA preemption

4

eliminates the possibility of punitive or extracontractual damages. *Amos*, 868 F.2d at 432-33. Therefore, the defendant's motion to strike Ms. Johnson's claims for punitive or extracontractual damages will be granted.

### C. Demand for Jury Trial.

Put most simply, ERISA precludes a jury trial. *Chilton v. Savannah Food & Indus., Inc.*, 814 F.2d 620 (11th Cir. 1987). Because Ms. Johnson's claims fall within the parameters of ERISA, the defendants' motion to strike the jury demand will be granted.

### IV. Conclusion.

Accordingly, defendants' motion to strike will be granted in all respects. The court will enter an order in conformity with this memorandum of opinion.

Done, this 17th of October, 1997.

EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE